# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

| | |
|---|---|
| BOONE, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Case No.: GLS-18-2381 |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM OPINION

Pending before this Court is a Motion for Summary Judgment filed by Defendant Warren L. Steger, III ("Steger"), and the responses thereto. (ECF Nos. 27, 30, 31 and 32). Having reviewed the submissions, this Court finds that the issues having been fully briefed and that a hearing is not necessary. Local Rule (L.R.) 105.6. For the reasons set forth more fully below, Defendant Steger's motion is DENIED.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs Tiffany Boone and her minor daughter brought this action to recover damages arising out of vehicle collision involving a car driven by Defendant Steger and a Washington Metropolitan Area Transit Authority ("WMATA") MetroAccess van driven by an employee of Defendant WMATA. (ECF No. 6-1). Plaintiffs were passengers on board the MetroAccess van ("Metro van") when the collision occurred. Plaintiffs assert that either Steger were negligent (Count I), or alternatively that WMATA was negligent (Count II), which caused them to suffer physical injury and emotional distress (*Id.*). WMATA filed a cross-claim for contribution and indemnity against Steger, alleging that he "caused and/or contributed to bringing about" the

accident. (ECF No. 8, p. 2). Steger also filed a cross-claim against WMATA, seeking contribution based on the fact that WMATA was the "primary and active negligent party." (ECF No. 13, p. 1). Steger has moved for summary judgment. In essence, Steger asserts that WMATA's driver had an obligation to yield to oncoming traffic, and by failing to do so, WMATA is "negligent *per se*." (ECF No. 27-1, p. 6).

Defendant Steger submitted a copy of the surveillance video taken from the MetroAccess van at the time of the incident (ECF No. 27-4, "WMATA Dashcam").[1] The undisputed facts are as follows. In 2015,[2] Plaintiffs Boone, who is wheelchair-dependent, and her daughter were passengers aboard a MetroAccess van that was proceeding on Old Georgetown Road towards Westlake Drive in Rockville, Maryland. (ECF No. 27-2, Pl. T. Boone Depo., pp. 23,30). As the MetroAccess van travelled toward its destination, Steger was traveling in the opposite "southbound" direction in the far-right lane of Old Georgetown Road, heading from the Kennedy Shriver Aquatic Center. (ECF No. 27-3, Def. Steger Depo., pp. 7-8). The MetroAccess van approached the intersection of Old Georgetown Road and Tuckerman Lane in the far-left turn lane in order to make the left turn at the intersection. (ECF No. 27-4). The MetroAccess van reached the intersection while the traffic light continued to display a green signal. (*Id. at* 0:00-0:05). The video reflects that, in seeking to make the left turn, the MetroAccess van accelerated from approximately 6 miles per hour to 17 miles per hour. (*Id*. at 0:05). In making the left turn, the Metro van crossed the southbound lanes in front of the vehicle driven by Steger. (ECF No. 27-3, p. 11). Steger's vehicle and the Metro van collided.

---

[1] The Dashcam video does not contain a date. The time cited is based on the media player used by the Court to view the Dashcam video.
[2] Steger and WMATA each provide a different month and date as to when the accident occurred: Steger says that it occurred on November 23, 2015, and WMATA maintains that the accident occurred on December 12, 2015. (*See* ECF Nos. 27-1, p. 1; 31, p. 1).

The following facts are unrefuted: According to Steger, he was traveling at "roughly the speed limit or less," 40 miles per hour, and his distance from the intersection prior to seeing the Metro van was "several car lengths." (ECF 27-3, Def. Steger Depo., pp. 8-10; 18-19).

## II. STANDARD OF REVIEW

A court shall grant summary judgement if a movant demonstrates that "there is no genuine dispute as to any material facts" such that the movant "is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a). The burden rests with the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970). Where sufficient evidence exists for a reasonable jury to render a verdict in favor of the non-moving party, then a genuine dispute of material fact exists, and summary judgement should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In addition, the facts and the inferences drawn from the facts must be viewed in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Where the record includes a videotape, and the parties disagree as to certain facts, the Supreme Court permits a district court to review that evidence. *Id.* at 379-81. However, if a video is unclear or ambiguous, the trial court must adopt the non-movant's version of the facts. *Id.*

## III. DISCUSSION

Defendant Steger avers that he is entitled to summary judgment as to WMATA's liability "[g]iven the applicable law" regarding left-hand turns, this Court should find that as a matter of law WMATA is negligent *per se*. (ECF No. 27-1, p. 7). In response, Plaintiffs agrees that this Court should enter summary judgment in Steger's favor. WMATA contends that Steger's Motion should be denied because the Plaintiffs bear the "burden of proof and the weight and value of the

evidence ae matters solely for the jury," as well as, that the motion is premature. (ECF No. 31, p. 2).

Maryland law provides that any motorist, common carrier or not, who intends to make a left turn at an intersection shall "yield the right-of-way to any other vehicle that is approaching from the opposite direction and is in the intersection or so near to it as to be an immediate danger." Md. Code Ann., Transp. § 21-402(a) (2010).

Pursuant to Maryland law a "violation of a statute or ordinance is evidence of negligence, not negligence *per se.*" *Harris v. United States*, No. WMN-08-2266, 2009 WL 3100595, at *2 (D.Md. Sept. 23, 2019) (citing *Polakoff v. Turner*, 385 Md. 467, 869 A.2d 837, 844-45 (Md. 2005)) (emphasis supplied); *see also Hart v. A.C.E. Taxi*, 442 F.Supp.2d 268, 272 (denying plaintiff's motion for summary judgment motion on the grounds that "Maryland does not recognize the doctrine of negligence *per se*."). To establish a prima facie case of negligence based on a statutory violation, "a plaintiff must show: 1) the violation of a statute designed to protect a specific class of persons; 2) that plaintiff is a member of this class of persons; 3) that the harm suffered by plaintiff is of the type that the statute was intended to protect against; and 4) that the violation was the proximate cause of the plaintiff's injuries." *Hart*, 442 F.Supp.2d at 270.

When considering the evidence in the light most favorable to WMATA as the non-moving party, there are material disputes of fact. It is not disputed that the MetroAccess van attempted to make a left turn at the intersection of Old Georgetown Road and Tuckerman Lane. Nor is it disputed that Steger's vehicle was traveling from the opposite "southbound" direction in the far-right lane of Old Georgetown Road. Similarly, it is not disputed that Steger's car was the favored vehicle. From the video, this Court is unable to determine exactly how far or near Steger was from the intersection such that one can conclude that WMATA's left-hand turn was done in the face of

"immediate danger." *Compare Myers v. Bright*, 327 Md. 395, 609 A.2d 1182, 1185 (Md. 1992) (explaining that "turning blindly into oncoming traffic is negligent regardless of what that traffic is doing") *with Meldrum v. Kellam Distrib. Co.*, 211 Md. 504, 128 A.2d 400, 403 (Md. 1957) (finding vehicle approaching intersection within five seconds as "an immediate hazard"). Moreover, the video does not show what is occurring on Steger's side of the intersection. Thus, the Court cannot determine whether WMATA failed to properly yield to Steger, the favored driver, or whether Steger proceeded through the intersection disregarding an apparent danger. *Dean v. Redmiles*, 280 Md. 137, 374 A.2d 329, 336 (Md. 1977).

Moreover, even where a moving party makes out a prima facie case of negligence based on a statutory violation, that party is not entitled to summary judgement on the issue of liability. Rather, making out a prima facie case of negligence, "merely warrants the submission of [the] case to a trier of fact." *Hart*, 442 F.Supp. 2d. at 272.

Because the Court must view the facts and inferences to be drawn therefrom in the light most favorable to the non-moving party, Steger's summary judgement motion must be denied. Relatedly, because WMATA has filed a cross-claim in this case, a fact finder must decide liability, i.e., whether WMATA was negligent and/or Steger was negligent. Thus, Plaintiffs' one-sentence response to Steger's summary judgement motion is unpersuasive.[3]

---

[3] The cases relied upon by Steger are factually distinguishable, and focus on judgments rendered following a trial and submission of evidence to the trier of fact. *See e.g.*, *Durham v. United States*, 174 F.Supp. 410, 411 (D.Md. 1959) (finding both drivers' negligence as concurring proximate cause of injuries); *Myers v. Bright*, 327 Md. 395, 609 A.2d 1182, 1183 (Md. 1992) (affirming trial court's decision to grant motion for judgment as evidence demonstrated defendant was negligent as a matter of law and proximate cause of the accident); *Meldrum v. Kellam Distrib. Co.*, 211 Md. 504, 128 A.2d 400, 401 (Md. 1957) (reversing trial court judgment against injured driver and finding unfavored driver contributorily negligent as a matter of law for making left-hand turn). Thus, the Court does not find them to be persuasive.

Accordingly, for the foregoing reasons, Defendant Steger's Motion for Summary Judgment, ECF No. 27, is **DENIED**.

Dated: August 23, 2019                                         /s/
                                                    The Honorable Gina L. Simms
                                                    United States Magistrate Judge